**FILED**
JUN 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY SANDERS )
As Personal Representative of the )
Estate Of Benjamin Sanders )
4354 D Street, SE )
Washington, DC  20019 )
)
      Plaintiff, )  Case: 1:07-cv-01169
)   Assigned To : Huvelle, Ellen S.
vs. )  Assign. Date : 6/29/2007
)  Description: PI/Malpractice
UNITED STATES OF AMERICA )
)
      Defendant. )

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Mary Sanders as Personal Representative of Benjamin Sanders hereinafter sometimes refered to as "Plaintiff," and files this her Plaintiff's Original Complaint complaining of the United States of America, hereinafter sometimes referred to as "Defendant," and would respectfully show the Court the following:

### I.
### PARTIES JURISDICTION. SERVICE OF PROCESS AND VENUE

1.1   This is a medical malpractice case involving the wrongful death of Benjamin Sanders, aka Benjamins Saunders.

1.2   Plaintiff, Mary Sanders, resides at 4354 D Street, SE, Washington, DC 20019.

1.3   The Defendant is the United States of America.

1.4   This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C §§1346(b), 26712680 et

seq., commonly known as the "Federal Tort Claims Act", which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

1.5   The United States of America may be served with process in accordance with Rule 4(1) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of the Complaint on Jeffrey Taylor, by certified mail, return receipt requested at his office, United States Attorney for the District of Columbia, 501 3rd Street NW, 4th Floor – Civil Division, Washington, DC 20530, and by serving a copy of the Summons and Plaintiff's Original Complaint on Alberto Gonsales, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, to the attention of the Civil Process Clerk.

1.6   Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in Washington, DC.

## II.
## LIABILITY OF THE UNITED STATES OF AMERICA

2.1   This case is commenced and prosecuted against the United States of American pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on title 28 U.S.C. §§1436(b)(1) and 2674 because the personal injuries, wrongful death, and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of emplo9yees of the United States of America at the VA Medical Center in Washington, DC, (hereafter VA Medical Center) while acting within the scope of their office or employment, under circumstances

where the United States of America, if a private person, would be liable to the Plaintiff's in the same manner and to the same extent as a private individual under the laws of the District of Columbia.

### III.
### JURISDICTIONAL PREREQUISITES

3.1  Plaintiff pleads pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the Department of Veterans Affairs, on December 27, 2006, for the claim of Mary Sanders on Behalf of the Estate of Benjamin Sanders. Greater than six months has passed since the filing of this, and the VA Medical Center has failed to resolve this claim. The Department of Veterans Affairs had not acted on this claim since the plainitff filed it on December 27, 2006, which is more than six months from the date this action was filed in United States District Court for the District of Columbia. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

### IV.
### THE DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY OF THE UNITED STATES

4.1  The Department of Veterans Affairs is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Department of Veterans Affairs, at all times material hereto, owned, operated and controlled the health care facility known as VA Medical Center, CRNC, located in Washington, DC, and through its agency, the Department of Veteran Affairs, staffed said health care facility with its agents, servants, and/or employees.

## V.
## EMPLOYMENT AND COURSE AND SCOPE

5.1    At all times material hereto, all persons involved in the medical and health care services provided to Plaintiff's decedent at the VA Medical Center, located in Washington, DC, were agents, servants, and/or employees of the Department of Veteran Affairs, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

## VI.
## FACTS

6.1    This is a Federal Tort Claims Action for monetary damages sustained by the Estate of Benjamin Sanders resulting from personal injuries of Benjamin Sanders as a result of substandard, and therefore, negligent medical care.

6.2    This claim concerns the substandard medical, nursing, and hospital care provided by agents, servants, and employees of the United States government at the VA Medical Center in Washington, DC resulting in the death of Benjamin Sanders on March 19, 2006.

6.3    On or about March 19, 2006, Benjamin Sanders was allowed to smoke in the defendant's facility at the VA Medical Center's CRNC in Washington, DC facility without supervision. At approximately 6:40 p.m. a patient of the VA Medical Center, Pedro Harley, notified nursing staff that Benjamin Sanders was on fire in the smoking room. Nursing staff then discovered Benjamin Sanders in a mechanical wheelchair engulfed in flames. He was alone and unattended. Nursing staff found it impossible to remove Benjamin Sanders from the flames as he and wheelchair were on fire. Nursing

staff then initiated Code Blue and Code Red, using three fire extinguishers to put out the fire that was burning Benjamin Sanders alive. Benjamin Sanders was then taken to the Medical Intensive Care Unit at Veterans Hospital where he was pronounced dead from burns to 80% of his body.

6.3.1. During the time that Benjamin Sanders became engulfed in flames in the smoking room, the fire sprinkler system failed to activate and the smoke and fire alarm failed to sound. These safety devices failed because the ventilation system removed the smoke and heat from Benjamin Sanders' burning body and wheel chair to such an extent that the fire safety devices did not measure a significant, hazardous amount of heat or smoke in the room to activate.

6.4  As of March 19, 2006, VA Medical staff had diagnosed Benjamin Sanders with a with a history of seizure disorder, chronic obstructive pulmonary disease, sensor neural hearing loss, dysphasia, psychosis, schizophrenia, vision impairment, radicular and sciatic nerve involvement, hiatal hernia, chronic renal failure, gout, hypertension, cerebrovascular accident and diabetes mellitus. As a result of the cerebrovascular accident, Benjamin Sanders had left hemiparesis or paralysis and was unable to walk or stand without assistance. He also had limited use of his upper extremities.

6.5  From January 22-25, 2006, Mr. Saunders was hospitalized at the Veterans Administration Medical Center for the treatment of pneumonia. A psychology reassessment was performed on January 30, 2006 which noted "a slight decline from prior evaluations and revealed similar orientation difficulties as in the prior evaluations but also some mild difficulty with working memory. Again, his orientation problems may

just reflect the fact that he is living in an inpatient setting, but his cognitive functioning should continue to be monitored for further decline." In sum, VA medical staff had diagnosed Benjamin Sanders with cognitive impairment some 60 days before he was allowed to smoke in the smoking room by himself.

6.6   On March 3, 2006 an assessment of Benjamin Saunders' functional abilities was completed. The assessment noted that Benjamin Sanders had following abilities and deficits: incontinent of urine; alert and cooperative; Risk for falls; Speech garbled; Requires complete assistance for hygiene; turns with assistance; unable to ambulate; uses lift equipment to transfer from bed to chair. In sum, the VA Medical Center determined that Benjamin Sanders was completely dependent on nursing staff for his care and safety.

## VII.
## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA (MEDICAL MALPRACTICE and VIOLATIONS OF FIRE SAFETY STANDARDS)

7.1   Plaintiff incorporate the above-numbered paragraphs as if fully set forth herein;

7.2   At all times relevant hereto, Defendant United States of America, by and through its agents, servants and/or employees of the Department of Veterans Affairs who treated and cared for Plaintiff's decedent at the VA Medical Center in Washington, DC, was under a duty to properly and timely treat, care for diagnose, monitor, evaluate, observe, admit for long-term care, make appropriate referral and obtain appropriate consultation for Plaintiff's decedent Benjamin Sanders, during the course of his residency at the defendant CRNC, including March 19, 2006.

7.3     Defendant, the United States of America, by and through its agents, servants and/or employees of the Department of Veterans Affairs who treated and cared for Plaintiff's decedent at the VA Medical Center in Washington, DC violated the standard of care and was negligent in its care and treatment of Benjamin Sanders in the following ways:

1. Failing to properly and timely treat Benjamin Sanders
2. Failing to properly and timely care for Benjamin Sanders;
3. Failing to properly and timely diagnose Benjamin Sanders;
4. Failing to properly and timely monitor Benjamin Sanders;
5. Failing to properly and timely evaluate Benjamin Sanders for risk of injury from smoking;
6. Failed to monitor Benjamin Sanders while he smoked;
7. Failed to prevent Benjamin Sanders from obtaining and keeping cigarettes on his person;
8. Failed to immediately respond once Benjamin Sanders, his clothing and/or;
9. Failing to provide a safe environment for Benjamin Sanders to smoke;
10. Failing to comply with Life Safety Code, NFPA 101, 2006 Edition
11. Failing to comply with Uniform Fire Code. NFPA 1, 2006 Edition
12. Failing to comply with the Smoking Risk Protocol of the Department of Veterans Affairs Medical Center; and;

13. Failing to comply with CNRC Smoking Policies, including but not limited to, policy No. 19.

7.4 At all times mentioned herein, the employees, agents, and/or representatives of the United States Government were negligent and proximately caused Benjamin Sanders' injuries, pain and suffering, death and other damages.

## VIII.
## DAMAGES

8.1 As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff Mary Sanders, as Administrator of the Estate of Benjamin Sanders, Deceased, has incurred damages for funeral and burial expenses; decedent Benjamin Sanders' injuries, pain and suffering prior to his death; death, and all other categories of damages permissible by law.

## IX.
## MEANING OF "DEFENDANT"

9.1 In this Complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant, Defendants officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that the Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, the Plaintiff, Mary Sanders, as Personal Representative of Benjamin Sanders, that judgment be entered in favor of Plaintiff; Mary Sanders as Administrator of the Estate of Benjamin Sanders, Deceased, and against Defendant, in the amount of Three Million Twenty-Five Thousand dollars ($3,0025,000) to compensate for the Estate of Benjamin Sanders for his personal injuries, pain and suffering prior to death, death, funeral expenses; and for all damages available under the law; for such other and different amounts as the plaintiff shall show by proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiff may show she is entitled and to which the Court believes Plaintiff deserve.

Respectfully submitted,

**THE COCHRAN FIRM**

W. Charles Meltmar, Esq., Bar No. 438870
1100 New York Avenue, NW
Suite 340, West Tower
Washington, DC 20005
Telephone: (202) 682-5800
Fax: (202) 408-8851
Attorneys for Plaintiff
cmeltmar@cochranfirm.com

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

MARY SANDERS, As the Personal Representative
of the Estate of Benjamin Sanders
4354 D Street, S.E., Washington, DC 20019

## DEFENDANTS

UNITED STATES OF AMERICA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

W. Charles Meltmar, Esq.
The Cochran Firm
1100 New York Avenue, Suite 340 West Tower
Washington, DC 20005, 202-682-5800

Case: 1:07-cv-01169
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/29/2007
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⦿ 1 | ⦿ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
- ☐ 410 Antitrust

⦻ **B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**  OR  ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. Habeas Corpus/ 2255 | H. Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C §§1346(b). Plaintiff's decedent burned to death at the Washington DC VA Hospital due to medical neglect.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $3,025,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 6/27/07   SIGNATURE OF ATTORNEY OF RECORD  W. Cha

29

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.