UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY SANDERS,<br>Personal Representative of<br>Estate of Benjamin Sanders,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-1169 (ESH)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, the United States of America, by and through undersigned counsel, submit the following Answer to the Plaintiff's Complaint:

### First Defense

Plaintiff fails to state a cause of action upon which relief can be granted.

### Second Defense

The injuries at issue were caused by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

### Third Defense

Others' negligent acts or omissions may have constituted intervening or superceding causes of all damages or injuries allegedly sustained.

### Fourth Defense

No acts or omissions by the United States were the proximate cause of any injury to the decedent.

### Fifth Defense

Plaintiff's claims and/or causes of action set forth in the Complaint are barred by the doctrines of contributory negligence and/or assumption of the risk.

### Sixth Defense

Any damages recovered in this action must be reduced by the amount of any benefits that Plaintiff has received from the United States.

### Seventh Defense

Plaintiff has failed to mitigate or minimize her damages' claim.

### Eighth Defense

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

### Tenth Defense

Pursuant to 28 U.S.C. § 2675(b), any claim for damages by Plaintiff is limited by the amount set forth in the administrative claim submitted to the defendant agency.

### Eleventh Defense

Plaintiff is not entitled to a trial by jury under the Federal Tort Claims Act.

### Twelth Defense

### Parties Jurisdiction, Service of Process and Venue

Paragraph 1.1:  This paragraph is plaintiff's statement of her claim to which no response is required.

Paragraph 1.2:  To the best knowledge of the United States, admit.

Paragraph 1.3:  Admit

Paragraph 1.4:  This paragraph contains plaintiff's jurisidictional statement to which no reply is required.

Paragraph 1.5:  Admit

Paragraph 1.6:  This paragraph refers to venue, an allegation to which Defendant United States is not required to reply.

## II.

## Liability of the United States of America

Paragraph 2.1:  Sentence one is a statement of law to which no answer is required. Sentence two is denied.

## III.

## Jurisdictional Prerequisites

Paragraph 3.1:  Defendant United States admits only that an administrative claim was filed with the U.S. Department of Veterans Affairs (VA) on December 27, 2006, and that said administrative claim was denied by VA by letter dated August 23, 2007.

IV.

**The Department of Veterans Affairs Is an Agency of the United States**

Paragraph 4.1: Defendant United States admits that the U.S. Department of Veterans Affairs is an agency of the United States which operates the VA Medical Center in Washington, D.C.

V.

**Employment and Course and Scope**

Paragraph 5.1: Denied.

VI.

**Facts**

Paragraph 6.1: Defendant United States admits only that the current action is a Federal Tort Claims Action for monetary damages.

Paragraph 6.2: Denied.

Paragraph 6.3: Sentence one is admitted. As to the remainder of this paragraph, the United States asserts that the Plaintiff's Decedent's VA Medical Records constitute the best evidence of events that transpired on March 19, 2006. To the extent that further response is required, denied.

Paragraph 6.3.1: Defendant, the United States, asserts that the Plaintiff's Decedent's VA Medical Records constitute the best evidence of events that transpired on March 19, 2006. To the extent that further response is required, denied.

Paragraph 6.4: Defendant, the United States, asserts the Plaintiff's Decedent's VA Medical Records constitute the best evidence of events that transpired on March 19, 2006. To the extent that further response is required, denied.

Paragraph 6.5: Defendant, the United States, admits only that the VA medical records of Plaintiff's Decedent constitute the best evidence regarding Plaintiff's Decedent's medical history. To the extent that further response is required, denied.

Paragraph 6.6: Defendant, the United States, admits only that the VA medical records of Plaintiff's Decedent constitute the best evidence regarding Plaintiff's Decedent's medical history. To the extent that further response is required, denied.

## VII.

### Cause of Action Against the United States of America (Medical Malpractice and Violations of Fire Safety Standards)

Paragraph 7.1: Defendant, the United States, incorporates the above-numbered responses as if fully set forth herein.

Paragraph 7.2: Admit.

Paragraph 7.3: Defendant, the United States, denies this paragraph in total.

Paragraph 7.4: Denied.

## VIII.

### Damages

Paragraph 8.1: Denied

## IX.

### Meaning of "Defendant"

Paragraph 9.1: This paragraph calls for a legal conclusion to which no answer is required. Inasmuch as an answer is required, denied.

## XI.

### Prayer

This paragraph is plaintiff's Prayer for Relief, to which no response is required. To the extent that an response is deemed necessary, deny.

Defendant, the United States, denies each and every allegation in the Complaint that was not previously admitted or otherwise qualified.

WHEREFORE, having fully answered, the United States of America asks the Court to:

(A)   Enter judgment that Plaintiffs take nothing;
(B)   Dismiss Plaintiffs' suit with prejudice;
(C)   Assess costs against Plaintiffs; and
(D)   Award the United States of America all other relief to which it is entitled.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137