UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY SANDERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-01169 (ESH) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MOTION FOR EXTENSION OF TIME**

Pursuant to Fed. R. Civ. P. 6(b)(1), 16(b) and Local Civil Rule 16.4, defendant moves this Court for a three-week extension of the deadline for defendant to file its Fed. R. Civ. P. 26(A)(2)(b) expert reports in this case filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., to and including April 23, 2008. The deadline is presently set for April 2, 2008. Plaintiff's counsel has indicated that plaintiff will oppose this motion. As more fully explained below, because of a number of reasons, including the limited availability of one of Plaintiff's four experts and the difficulty in identifying a witness to address another expert's report, defendant needs additional time.

As background to this request, defendant describes the discovery taken to date in this case.

On November 2, 2007, this Court entered a Scheduling Order in this tort (wrongful death) case [R. 8] in which plaintiff claims that the Department of Veterans' Affairs, and specifically, the employees at the VA Medical Center/Nursing Home were negligent in connection with the death of a resident of the Nursing Home after he apparently set himself on fire while smoking. See R. 1, Complaint.

Since December 10, 2008, plaintiff has taken the depositions of 13 witnesses. Although Plaintiff was limited by this Court to fifteen (15) depositions, in order to avoid discovery issues and in the spirit of cooperation, defendant will not oppose a request for additional depositions of defendant's experts.

In addition to the 14 depositions taken by plaintiff, plaintiff has requested and received responses to numerous interrogatories and three separate requests for production of documents. Again, in order to avoid discovery issues, Defendant has complied with all of plaintiff's requests and continues to search for records, and to expedite plaintiff's desire to obtain Privacy Act protected information, defendant provided plaintiff's counsel with a sample Privacy Act Consent Order which was filed and entered with the Court.

Further, numerous ancillary matters have been explored, including a visit to the Metropolitan Police Department's evidence storage facility to examine the wheelchair and other items involved in the incident being held by the Police Department. However, the report of the D.C. Fire Department as to the cause of the file still remains outstanding.

On March 2, 2008, plaintiff filed multiple reports from four expert witnesses pursuant to Rule 26(A)(2)(b). Upon receipt of the reports, defendant able to identify what documents were relieved on by plaintiff's experts in forming their opinions. For the three witnesses already retained by defendant, thousands of pages of documents had to be copied and transmitted. One of these witnesses must review the D.C. Fire Department to finalize his opinion. With regard to the expected fourth witness, because of government regulations, that expert cannot work on the case until the retainer agreement is prepared. As defendant has not been able to retain an expert as of this date to address plaintiff's fourth expert in this case, additional time is needed in order to do so.

After defendant's experts have reviewed plaintiff's experts' opinions and the numerous

records that they reviewed, defendant will be able to take the depositions of plaintiff's experts in a meaningful and productive way. It is anticipated that the deposition of two of the witnesses may be set within the next ten days. However, one of plaintiff's "nursing home" experts, is only available on April 1, 2008. Accordingly, it would be impossible to hold her deposition on April 1, 2008, have defendant's expert review the transcript and then prepare defendant's Rule 26(A)(2)(b) disclosures before April 2, 2008, the due date of defendant's expert disclosures.

Defendant provides the above-referenced details because it is believed that plaintiff will claim that defendant has been dilatory during the discovery period and therefore should not be permitted to extend the Rule 26(A)(2)(b) period. Plaintiff's counsel will assert that he gave defendant's counsel dates that were convenient for him and his experts and that defendant should have agreed to those dates as he and his expert's calendar will not permit alterations to their schedules. Defendant believes that it is unreasonable to expect defendant's counsel to set depositions in advance of receiving plaintiff's experts' reports. See Fed. R. Civ. P. 26(b)(4)(A) (prohibiting expert depositions prior to receipt of expert reports).

Although the requested three-week extension is of relatively modest duration, defendant believes that it will be sufficient to complete the expert disclosures/discovery with respect to defendant's experts. Should the time period for depositions of Defendant's experts be too abbreviated for plaintiff, defendant would not object to extending the discovery deadline from May 2, 2008, to May 9, 2008, the day a status conference is set in this case. This should have no negative impact on the Court's calendar.

Accordingly, it is respectfully requested that an extension of time for defendant to provide plaintiff with Rule 26(A)(2)(b) disclosures be extended to and including April 23, 2008. A proposed order is attached.

                                              Respectfully submitted,

                     /s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

                     /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

                     /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY SANDERS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 07-01169 (ESH) |

## ORDER

Upon consideration of defendant's motion to extend the deadline for its Fed. R. Civ. P. 26(A)(2) expert disclosures, the opposition and reply thereto, and for good cause shown, it is this

_____ day of _____, 2008,

ORDERED, that said motion is granted. Defendant shall have to and including April 23, 2008, to file and serve its Fed. R. Civ. P. 16(A)(2) expert disclosures in this case.

_____
UNITED STATES DISTRICT JUDGE