UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY SANDERS,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA,　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)| Civil Action No. 07-01169 (ESH) |

## MOTION FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 6(b)(1) and Local Civil Rule 16.4, defendant moves this Court for a two-day extension of time, to and including May 5, 2008, for defendant to file its Fed. R. Civ. P. 26(A)(2)(B) expert disclosures from Dr. Terrence Baker, an expert in forensic medical, emergency medical care and geriatrics, and Hart Kerlin of Trident Engineering Associates, Inc., a certified fire and explosion expert. These experts have been retained by defendant in this wrongful death claim against the Department of Veterans' Affairs Medical Center in Washington, D.C., under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The deadline for expert disclosures is presently May 1, 2008.

Dr. Baker will address specific opinions rendered by at least three of plaintiff's five experts who opined that defendant violated the standards of care relating to its emergency medical care administered to decedent, Benjamin Saunders, and render his opinion as to the cause of Mr. Saunders' death under the circumstances of this case. Mr. Kerlin will provide the results of his fire investigation and opine as to the reasons for the reported conflagration that engulfed Mr. Sanders.

Dr. Baker's opinions are essential to address the conclusions reached by plaintiff's experts in this multiple million dollar Federal Tort Claims Act claim case, as to the emergency care rendered to Mr. Saunders and as to the cause of his death. They do not overlap with any of defendant's three other expert opinions.2

Dr. Baker believed that, in addition to reviewing the medical records, witness statements and deposition testimony and other materials, that it was necessary in forming his opinions to view the evidence of the "crime" scene held by the Metropolitan Police Department ("MPD"). That viewing could not be arranged until Monday, April 28, 2008, the day Dr. Baker had set aside to complete his expert disclosures for filing on May 1, 2008 (The MPD requires at least a 72-hour time period to arrange for the viewing). The viewing commenced at 10:30 a.m., on April 28th, and was not completed until early afternoon. Thus, Dr. Baker lost almost an entire day of preparation during the week of April 28, 2008. Moreover, during the week of April 28, 2008, Dr. Baker was unexpectedly required to cover for two of his colleagues and has therefore unexpectedly been required to work a total of 70 hours from Monday, April 28, 2008, to Thursday, May 1, 2008. Dr. Baker will complete his report over the weekend of May 3-4, 2008, in order to provide his expert report to undersigned counsel for filing on May 5, 2008.

Mr. Kerlin is the only expert in this case that has performed a comprehensive fire investigation involving the accident. His expert disclosures are key to understanding the sequence of events leading to the burning death of Mr. Saunders. Due to unexpected computer difficulties, the draft of Mr. Kerlin's expert opinion was not completed until 4:36 pm on May 1, 2008. Therefore, it was impossible for Mr. Kerlin to complete his final review and finalize the expert disclosures before the Trident offices closed for the day. Moreover, as Mr. Kerlin's report will be accompanied by photographs, the photographs needed to be formatted for ECF filing with the Court. An additional day is required for this to be accomplished.

Although Mr. Kerlin believes that a one-day extension of time will be sufficient to file his expert disclosures, in an abundance of caution defendant requests a two-day extension of time.

No prejudice to plaintiff will occur and the Court's schedule will not be disrupted. Nevertheless, plaintiff's counsel has indicated that plaintiff opposes this motion for extension of time, unless defendant will agree not to object to an extensive supplementation of one of his expert's reports provided only days before that expert's deposition.

As noted in defendant's motion to extend Dr. Stephen Milner's expert disclosures to May 9, 2008, filed on April 30, 2008, defendant has endeavored to meet the Court's deadline for expert disclosures. Depositions of four of plaintiff's five experts were taken on April 8, 15, 16, and 21, 2008. Each deposition transcript was ordered on an expedited basis. Defendant has retained four testifying experts to address plaintiff's five experts in each area of expertise and in additional areas necessitated by the investigation. Expert disclosures of defendant's nursing home expert, Dr. Gregory Compton, has been made on the May 1st deadline.

It is respectfully requested that the brief extensions of time expert disclosures from defendant's three other experts be granted. A proposed order is attached.

    Respectfully submitted,

    /s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

    /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W, Room E-4204
Washington, D.C. 20530
(202) 514-7137

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY SANDERS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Defendant. )<br>) | Civil Action No. 07-01169 (ESH) |

### **ORDER**

Upon consideration of defendant's motion for an extension of time for the Fed. R. Civ. P. 26(a)(2)(B) expert disclosures of Dr. Terrence Baker, defendant's emergency care/forensic expert, and Hart Kerlin, defendant's fire investigation expert, any opposition thereto, and for good cause shown, it is this _____ day of _____, 2008,

ORDERED, that said motion is granted. Defendant shall have to and including May 5, 2008, to the aforesaid Fed. R. Civ. P. 26(a)(2) expert disclosures.

_____
UNITED STATES DISTRICT JUDGE