# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARY SANDERS, )
As Personal Representative of the )
Estate Of Benjamin Sanders )
)
    Plaintiff, ) Civil Case No. 07 1169 (ESH)
)
vs. )
)
UNITED STATES OF AMERICA, )
)
    Defendant. )
)

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, the United States of America, by its undersigned counsel, responds to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's Interrogatories to the extent they are overly broad, oppressive, and impose an unnecessary and unreasonable burden and expense on Defendant.

2. Defendant objects to the Interrogatories to the extent they seek information or documents protected by any applicable privilege including, but not limited to, the attorney-client privilege, the work product doctrine, and any other privilege or exemption from discovery, as outlined in the Federal Rules of Civil Procedure or applicable law.

3. Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, and/or seek information that is irrelevant to the actual claims or defenses at issue in this case.

4. Defendant objects to the Instructions and Definitions and to the Interrogatories to the extent that they seek to impose a duty on Defendant that exceeds the permissible scope of discovery under Rule 26 of the Federal Rules of Civil Procedure.

*Exhibit 2*

5. Defendant objects to the Interrogatories to the extent that they seek public information to which the requester has equal access and which can just as easily be obtained by the requester.

6. Defendant objects to the Interrogatories to the extent that they seek information or documents of others, or information or documents that are more reasonably or equally obtainable from others.

7. Especially because discovery is ongoing, Defendant reserves the right to supplement its responses as additional information may be uncovered.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:** The name, address, and job description of each interdisciplinary team member who treated and/or assessed Benjamin Sanders in 2005 and 2006.

**ANSWER:** The names of all interdisciplinary team members who treated and/or assessed Benjamin Saunders in 2005 and 2006 at the Washington, DC, DVA Medical Center, are contained in Decedent's VA medical records. These records have already been produced to plaintiff. As the list of those providing interdisciplinary care is lengthy (140 names) and the medical records show what job each was responsible for, defendant objects to providing more than a brief description of their assignment. They may be reached at 50 Irving Street, NW, Washington, DC, 20422, or if they have left, defendant will assist plaintiff in locating those likely to have admissible evidence. To the extent that plaintiff desires to review their job descriptions, these documents will be made available for inspection at the DVA Medical Center at a mutually convenient time. Defendant further responds that this list contains all of the individuals, to the best of Defendant's current knowledge, that authored or co-signed entries in Decedent's medical records during 2005 and 2006, but excludes laboratory and radiology staff. Personnel of the Comprehensive Nursing and Rehabilitation Center in that time frame are so

designated. Defendant reserves the right to supplement this response as additional information becomes available.

Ashraf Alehossein, Registered Nurse (RN), Nurse Practitioner (NP), Comprehensive Nursing and Rehabilitation Center (CNRC)

Mark Alexander, Medical Doctor (MD), Staff Physician

Scholastica Amadi, RN (nursing care)

John H. Anderson, RN, CNRC (nursing care)

Mercile Ashond, Licensed Practical Nurse (LPN), CNRC (nursing care)

Jawad Bajwa, MD, Neurology Resident

Marshall Balish, MD, Neurology Service

Edgar S. Bankhead, Chaplain, CNRC

Sharon Beamer, Audiologist

Tsedekework Bekele, Dietician

Donna J. Bellis, RN, CNRC (nrusing care)

Bonnie B. Benetato, RN, NP, CNRC (nursing care)

Robin M. Bennett, Nursing Assistant (NA), CRNC (nursing care)

Janjay Benson, NA

Kamlesh Bhasin, MD, Rehabilitation Medicine Service, CNRC

Kathryn Blackford, RN, NP, Home-based Primary Care (HBPC)

Karen A. Blackstone, MD, Geriatric Attending Physician, CNRC

Galen C. Bosley, Registered Dietician (RD)

Sevena P. Boughton, Social Worker, HBPC

Sarah G. Boxley, RN, CNRC (nursing care)

Stephanie Brimley, Pharmacist

Stephanie W. Burns, Recreation Therapist

Oliver Theodore Butler, Staff Psychologist

Robert J. Carpenter, MD, Medical Resident

Karen N. Carrington, Social Worker, CNRC

Delores Carson, Medical Records Technician

Robert L. Carter, MD, Dermatologist

Brian J. Caruth, Pharmacist

Ivan P. Cephas, Pharmacist

Mei-Cheng T. Cheu, RN, Geriatric Clinical Nurse Specialist, CNRC

Diana Chuong, MD, ENT

George F. Cohen, MD, Dermatologist

Patricia L. Cooney, RN, CNRC

Clarence Cross, Chaplain

Doris J. Curry-Lee, NA

Willis A. Daniels, RN

Drusilla W. Davis, Social Worker

Linda V. Diggs, Lead Scan Technician

Yanick de Vastey, Dental Hygienist

John S. Fortt, Chaplain

Mitchell R. Fox, Occupational Therapist, CNRC

Norma S. Fraser, RN, CNRC

Timothy Fratto, Neuropsychology Extern

Michelle J. Gaines, Admissions Coordinator

Adam F. Gambouras, Neuropsychology Intern

Monique S. Goma, MD, Geriatrics Fellow, CNRC

Pamela A. Harman, PhD, Speech-Language Pathologist, CNRC

Donn Harris-Nwangwu, LPN, CNRC

Thomas Henderson, JR., Patient Care Technician

Richard Hodges, Phamacist

Yolanda M. Hollins, Health Technician, Audiology Clinic

Thomas G. Hunter, MD, Ophthalmology Resident

Ke Bin Im, Pharmacist

Diane Ingram, LPN, CNRC

Jasper Ip, Medical Student

Lesa Jones, RN, CNRC

Stacia N. Jones, MD, Podiatry Resident

Tanya M. Judd, MD, Podiatrist

Sumeeta A. Kantak, MD, Intern

William Kao, MD

Raya E. Kheirbeck, MD, CNRC

Rahul Khosla, MD

Dawnielle Kilby-Robb, MD, Resident

Jenny L. Kingsbury, B.S., Audiology Clinical Fellow

Ellen E. Kwon, OD, Optometrist

Hae Kwon, RN, CNRC

Kiawanna E. Lampkin, RN

Joy A. Laramie, NP, CNRC

Waltraud E. Larson, Creative Arts Therapist, CNRC

Deborah E. Lee, LPN, CNRC

Nancy Carol Lee, Social Work Service, CNRC

Margaret A. Lewis, Health Technician

Elizabeth C. Lindenberger, MD, CNRC

Lucile A. Lisle, Recreation Therapy, CNRC

Latoya Mason, NA, CNRC

Brenda M. May, Dental Clinic

Hazel W. Mduba, RN, CNRC

Vanessa Ngakeng, MD, Ophthalmology Resident

Simone A. McKitty, MD, Dermatology Resident

Chandresh R. Mehta, Physical Therapy, CNRC

John A. Milewski, Chaplain, CNRC

Eun Joo Min, RN

Harold Minus, MD, Dermatologist

Cecilia Monteiro, Patient Care Technician

Georgi B. Moyer, RN, CNRC

Durga Derri Muppala, RN

Ego T. Ndubizu, RN, CNRC

Grace Nmagu, RN

Carol Ngozi Okereke, Student Nursing Technician

Adeleke Omisore, LPN, CNRC

Sonika Pandey, MD, CNRC

Alpen A. Patel, MD, Otolaryngocologist

Smitha Persaud, MD, Neurology Resident

Paul F. Phelps, RT

Jonathan H. Pincus, Chief, Neurology

Robert S. Redman, DDS

Lucienn Reid-Duncan, MD, Neurology Resident

Michael Reilly, MD, Ophthalmology Resident

Sheila Rice, Home-Based Primary Care Social Worker

Patricia L. Richards, MD, Resident, Dermatology

Irma Rivera, PT, Physical Therapy

Mazie Robinson, Dietician

Mildred Rodgers, Health Technician

Maria Ronquillo, RN

Gavin Rose, MD, Psychiatrist

Rostanna Said, MD, Podiatry Resident

Kenneth R. Salguero, Health Technician

Melissa Sandlain, LPN, CNRC

S. M. Savage-Barksdale, Program Support Assistant

Nancy M. Sellers, LPN, CNRC

Willie J. Shacks, Medical Records Technician

Judy D. Shafer, Audiologist

Robiyale R. Shelley, Student, Medical Student, CNRC

Troy Odell Smith, Occupational Therapist, CNRC

Elaine Snoddy, RN, HBPC

Bert B. Souryal, MD, Ophthalmologist

Edward A. Stewart, Chaplain

Ronea N. Stith, MD, Dermatology Resident

Joan J. Stuart, Program Clerk

Cynthia L. Sullivan, PhD, Clinical Neuropsychologist

Monica Tadros, MD, Ears, Nose and Throat (ENT) Resident

Tihitina Taffesse, PharmD, Pharmacy Service

Sumayah Taliaferro, MD, Dermatology

Judith W. Taylor, PhD, WRIISC Neuropsychiatry Fellow

Janette A. Thompson, MD, Podiatry

Carmen Tierney, DPM, Podiatry Resident

Laurence L. Trail, RN, NP, CNRC

Korinne M. Umbaugh, MS, RD, Dietician

Evelyn L. Umunna, RN, CNRC

Henry G. Vijaya, RN

Michael P. Villaroman, MD, Internal Medicine

Tracey a. Vogel, RN, MICU

Terrill Washington, Pharmacist, Associate Chief, Pharmacy Service

Michael Weingarten, MD

Natalie S. Wilde, Audiology Clinical Fellow

Jeffrey Wilkin, PhD, Neuropsychologist

Marilyn V. Williams, LPN

Annemarie Y. Wilson, Recreation Therapist, CNRC

Lisa C. Wright, Geriatric Clinical Educator, CNRC

Mohammad Yaseen, Chief, Neuromuscular & Neurovascular Service

**INTERROGATORY NO. 2:** State all the facts upon which you rely for each affirmative defense in your answer.

**ANSWER:**

1. <u>Failure to State a Claim</u> - There was no act performed by any DVA Medical Center employee that was negligent in connection with care of decedent while a resident of the Center.

2. <u>Injuries were caused by the acts or omissions of other parties</u> - Decedent ignored warnings that cigarette smoking was bad for his health, but continued to smoke. Decedent's family members were counseled that decedent should not smoke, but ignored the counseling and brought him cigarettes. Upon information and belief yet to be verified, there were malfunctioning issues with the wheelchair and/or fire extinguishers used to extinguish the fire.

3. Others' negligent acts or omissions as intervening or superceding causes - <u>See</u> Response to No. 2.

4. No act or omissions by the United States was the Proximate Cause of the Injury. - <u>See</u> Response to No. 1..

5. Contributory negligence - <u>See</u> Response to No. 2.

6. Damages must be reduced by amount of benefits plaintiff has received. - Upon information and belief, plaintiff is a recipient of survivor's and other benefits. To the extent that she is claiming such benefits in this law suit, there would be an offset of those amounts in any award she might receive.

7. Plaintiff failed to Mitigate the Damages - Plaintiff and other family members brought decedent cigarettes which enabled him to continue to smoke and put him in harm's way.

8. Defendant acted with due care - <u>See</u> Response to No. 1.

10. [sic] Limitation to amount in Administrative Claim - 28 U.S.C. § 2675(b) limits the amount of recovery should plaintiff be successful in this law suit to the amount claimed in the Administrative claim presented to the agency.

11. Plaintiff is not entitled to a jury trial. The waiver of sovereign of the Federal Tort Claims Act, 28 U.S.C. § 2679 et seq. See 28 U.S.C. § 2402.

**INTERROGATORY NO. 3:** Identify any reports of accidents or incidents within the custody or control of the defendant which were prepared by any person relating to the March 19, 2006 fire in the CRNC and/or death of Benjamin Sanders including, but not limited to, all reports of injuries, safety issues by staff. If the defendant has any such reports in its custody or control, state the names of each report, the date of each report, the name and job title of the individual having custody or control of each report, and the current location of each report.

**ANSWER:** Subject to the General Objections set forth above, Defendant has already identified all non-privileged documents responsive to this Request that presently exist within the possession, custody, or control of the VA. Answering further, *see* Tab B to Defendant's Response to Plaintiff's Request for Production of Documents.

**INTERROGATORY NO. 4:** Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**ANSWER:** Defendant believes that decedent was contributorily negligence and that his family enabled him to smoke at the facility. Defendant is also exploring the product liability issues associated with the fire extinguisher(s) and wheelchair. However, defendant has been unable to

investigate the conditions of the wheelchair and fire extinguisher(s) that were seized by the Metropolitan Police Department (MPD) and are presently in the custody of the MPD. If an investigation of the fire extinguisher(s) and/or wheelchair show that there was a malfunctioning of this equipment, defendant reserves the right to hold the fire extinguisher manufacturer and the wheelchair manufacturer responsible for the injuries. Defendant is unable to provide additional responsive information at this time and will not be able to do so until the equipment is examined. A request has been made of the Metropolitan Police Department which remains unresolved. Defendant reserves the right to supplement this interrogatory response.

**INTERROGATORY NO. 5:** Was the defendant's CNRC, Hospital or any member of its staff charged with any violation of law (including any regulations or ordinances) arising out of the incidents described in the complaint? If so, what was the nature of the charge; what plea, or answer, if any, was entered to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge and if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and if so, what was the name and address of the person who recorded the testimony?

**ANSWER:** No

**INTERROGATORY NO 6:** List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:** *See* Response to Interrogatory Number 1; Defendant's Initial Disclosures and Supplement to Defendant's Initial Disclosures; Defendant's Responses to Defendant's Rule 30(b)(6) depositions; and Plaintiff's Initial Disclosures. Defendant also states:

11

a. Helen Choi, Registered Nurse, VA Comprehensive Nursing and Rehabilitation Center. Ms. Choi is believed to have knowledge of the events of March 19, 2006.

b. Jerry Phillips, Nursing Assistant, VA Comprehensive Nursing and Rehabilitation Center. Mr. Phillips is believed to have knowledge of the events of March 19, 2006.

**INTERROGATORY NO. 7:** Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than employees of the defendant nursing home or center, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

**ANSWER:** No

**INTERROGATORY NO. 8:** State the name, services provided by, social security number, and last known address of every current employee of the defendant who did or was supposed to provide care, treatment, or make entries in the record of plaintiff during any of his residencies at defendant's nursing home or center facility and state the position or title of each employee (current employee includes, but is not limited to, nursing assistants, certified nursing assistants, therapists, orderlies, licensed practical nurses, registered nurses, and physicians).

**ANSWER:** *See* Answers to Interrogatory Number 1.

**INTERROGATORY NO. 9:** State the name, services provided by, social security number, and last known address of every former employee of the defendant who did, or was supposed to provide care, treatment, or make entries in the record of plaintiff during any of his residencies at the defendant's nursing home or center facility and state the position or title of each employee (current employee includes, but is not limited to, nursing assistants, certified nursing assistants, orderlies, licensed practical nurses, registered nurses, and physicians).

**ANSWER:** *See* Answer to Interrogatory Number 1.

Respectfully submitted,

/s/
---
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
---
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
---
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

CERTIFICATE OF SERVICE

I hereby certify that the foregoing responses to plaintiff's first set of interrogatories were served on plaintiff, by first class mail, on January 22, 2008, addressed to:

> W. Charles Meltmar, Esq.
> 1100 New York Avenue, N.W.
> Suite 340, West Tower
> Washington, D.C. 20005

　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　CLAIRE WHITAKER, D.C. Bar # 354530
　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　United States Attorney's Office
　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　555 4th Street, N.W., Room E-4204
　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　(202) 514-7137